Argued November 27, 1978, reversed and remanded January 29, 1979

# BURKE, *Petitioner,*
*v.*
# ADULT AND FAMILY SERVICES DIVISION et al,
*Respondents.*
# (No. 82-30/01-XPC 787-0, CA 8932, 10571)
# (Cases consolidated)

590 P2d 250

Robert Norman Ehmann, Oregon Legal Services Corporation, Pendleton Regional Office, Pendleton, argued the cause for petitioner. With him on the briefs were Oregon Legal Services Corporation, Pendleton Regional Office, and Kent B. Thurber, Oregon Legal Services Corporation, Central Office.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Petitioner, in these consolidated petitions for review, seeks reversal of two administrative decisions entered by respondent Adult and Family Services Division (AFSD). Both decisions present the same legal question involving claimed overpayments to petitioner of Aid to Dependent Children (ADC).

A brief summary of the facts, which are not in dispute, is sufficient for the purposes of this appeal. During 1975 petitioner received an ADC grant from AFSD; in October of that year he received a notice from AFSD stating that he had received an overpayment by reason of a distribution to four of his five minor children from their respective shares of a confederated trust of the Umatilla Reservation Tribal Judgment Fund. The amount distributed to each child was $150, a total of $600.

The fund from which distribution was made to the children was established with proceeds derived from a judgment entered by the Indian Claims Commission granting compensation to the tribe for ancestral lands which were taken by the federal government. Payments are distributed by the Bureau of Indian Affairs from a fixed fund in the amount of $1,500 for each child, to be paid by two payments of $150 each per year for five years. Neither petitioner nor his children has any right to control the timing or amount of the payments, although either may be altered by the combined action of the Bureau and the Tribal Council.

As a result of the claimed overpayment in 1975, AFSD collected $400 of the $600 claimed to have been overpaid, leaving a balance claimed to be owing in the amount of $200. In January of 1977, petitioner made a new application for ADC benefits following a period of ineligibility not related to distributions from the Tribal Judgment Fund. At that time petitioner was notified of the $200 claimed as the balance of the prior overpayment and was requested to pay it.

In August of 1977, petitioner was receiving an ADC grant, and during that month he received a distribution from the fund for three of his children, which fact was reported to AFSD with the same resulting claim of overpayment. The two administrative decisions for which review is now sought determined that the monies distributed to petitioner's children from the tribal judgment constituted household income, and that as a result thereof, petitioner received an overpayment of ADC monies and must repay AFSD.

Petitioner's principal contention is that the sums distributed to his children from the tribal judgment may not be treated as household income for the purposes of determining the amount of an ADC grant. He relies on OAR 461.04. 280(3), which provides, so far as relevant:

> "Benefits from the following sources shall not be considered as income or resources in determining eligibility for or the amount of payment to recipient of * * * ADC.
>
> "* * * * *
>
> "(3) any trust funds distributed per capita to or held in trust for members of any Indian Tribe under Public Law 92-254 or Public Law 93-134."

Public Law 93-134 is codified at 25 USC § 1401 et seq, Section 1407 of which provides:

> "None of the funds distributed per capita or held in trust under the provisions of this chapter shall be subject to Federal or State income taxes, and the per capita payments shall not be considered as income or resources when determining the extent of eligibility for assistance under the Social Security Act. * * *" (Citation omitted.)

Since the ADC program is a part of the Social Security Act, 42 USC § 601 et seq, Public Law 93-134 expressly prohibits treating the payments in question as either income or resources in determining eligibility for, or the amount of, payment to recipients of ADC. Respondent AFSD, on the other hand, contends that Public Law 93-134 is not applicable to this case because that law (designated as Chapter 16) did not

become effective until October 19, 1973, several years after the tribal judgment involved herein was entered. Specifically, AFSD contends that the new statute applies only to the future disposition of judgment awards of the Indian Claims Commission, and would have no effect on judgment awards for which plans for disposition had already been enacted under the pre-existing procedures.

■ A reading of Public Law 93-134 in its entirety makes it clear that the entire chapter (a new chapter 16 to the Code) is designed to set up a new procedure for developing plans for use or disposition of funds appropriated to pay a judgment of the Indian Claims Commission or Court of Claims.[1] Prior to its enactment, Congress not only had to appropriate funds to pay the award, it was also required to take a second step by enacting specific legislation providing a plan for disposition of the funds for each award. Under the new provisions, once Congress has appropriated the funds, it is up to the Secretary of the Interior, within 180 days after the appropriation of funds, to prepare a plan and submit it to Congress; if neither House of the Congress disapproves the plan within sixty days, it becomes effective (25 USC Section 1405). The provisions of the new chapter apply specifically to preexisting judgments for which legislation authorizing use or distribution has not been enacted prior to October 19, 1973.[2] It seems clear, therefore, that all of the sections, except Section 1407, deal exclusively with mechanical, procedural matters; Section 1407, however, is substantive in nature in that it provides that none of the funds distributed "under the provisions of this chapter" shall be "considered as income * * * when determining the

---

[1] For legislative history, *see* 1973 US Code Congressional and Administrative News, p 2311 et seq.

[2] 25 USC §1402. With respect to preexisting judgments for which Congress had appropriated funds, but for which no plan for disposition had been enacted, the 180-day period commences on the effective date of the Act.

[ 197 ]

extent of eligibility for assistance under the Social Security Act."

If we were to hold that Section 1407 applies only to judgments for which a plan of disposition has been determined under the 1973 Act, even though the judgment was entered prior to its effective date, we would be treating exactly the same kinds of funds differently with no apparent basis in reason for doing so. For the State to adopt such a construction with respect to its incorporation of Public Law 93-134 in OAR 461-04-280(1)(c) might present a constitutional question with respect to a denial of the equal protection of the laws in violation of the 14th Amendment to the United States Constitution. We see no rational basis whatsoever for treating the funds differently if the plan of distribution is determined mechanically under the new Act rather than under the preexisting procedure. The character and source of the funds are the same in both instances.

■ We conclude that Congress, in Section 1407, was referring to the character of the funds rather than to the mechanics by which the plan of disposition was determined, and that the reference thereto in OAR has the same meaning. Accordingly, we hold that the distributions made from the tribal judgment fund to some of petitioner's children may not be considered as income for the purposes of determining eligibility for or the amount of payment to recipients under ADC grants. It follows that petitioner has not received any overpayments by virtue of those distributions.

Reversed and remanded.